UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 5:20-cv-00891-SVW-MAA | Date: May 20, 2020 |
| Title: Skyler Christian Awad v. Warden Pliler | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| | |
|---|---|
| James Munoz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why the First Amended Petition Should Not Be Recharacterized as a Section 2255 Motion

On April 27, 2020, Petitioner Skyler Christian Awad, a federal inmate acting *pro se* who is incarcerated in this district, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). (ECF No. 1.) The Court ordered Petitioner to file an amended petition incorporating the district's standard form for Section 2241 cases filed in this district. (ECF No. 3.) Petitioner filed an amended petition on May 11, 2020, which this Court deems his First Amended Petition ("FAP"). (FAP, ECF No. 6.)

The Court *sua sponte* examines whether this United States District Court for the Central District of California has jurisdiction to entertain the Petition. For the reasons discussed below, the Court directs Petitioner to explain why the Petition should not be characterized as a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismissed for lack of jurisdiction.

A jury found Petitioner guilty of a number of federal crimes—including the crimes of carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c) ("Section 924(c)")) and possession of a firearm by a felon (18 U.S.C. § 922(g) ("Section 922(g)")), the counts at issue in this action—and Petitioner was sentenced by the United States District Court for the Middle District of Florida to federal prison for a total term of 157 months. (FAP, at 2.) *See also* Corrected J. in a Criminal Case, *United States v. Awad*, No. 6:16-cr-00181-RBD-GJK-1 (M.D. Fla. Mar. 24, 2017), ECF No. 72.[1] Although Petitioner states that his appeal of the judgment of

---

[1] The Court takes judicial notice of Petitioner's underlying criminal case and related proceedings in the United States District Court for the Middle District of Florida. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-00891-SVW-MAA                              Date:  May 20, 2020

Title:     Skyler Christian Awad v. Warden Pliler

conviction was denied (FAP, at 2), the docket of his underlying criminal case does not show that he appealed his judgment of conviction.[2]

Although Petitioner states that he has not previously filed a motion pursuant to Section 2255 (FAP, at 4), the sentencing court's docket indicates otherwise.  On February 12, 2020, in the United States District Court for the Middle District of Florida, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (the "Section 2255 Motion").  Appl. for Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence, *Awad v United States*, No. 6:20-cv-00241-RBD-GJK (M.D. Fla. Feb. 12, 2020), ECF Nos. 1 to 1-1.[3]  Petitioner asserts two grounds for relief in the Section 2255 Motion:  (1) "he is serving a sentence and conviction that is illegally imposed" in light of *United States v. Davis*, 139 S. Ct. 2319 (2019); and (2) "Courts [sic] 4 and 5 are no longer constitutionally Valid" in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  *Id.*, ECF No. 1, at 5.  The court ordered the government to file a response to Petitioner's Section 2255 Motion.  Order, *Awad v. United States*, No. 6:20-cv-00241-RBD-GJK (M.D. Fla. May 6, 2020), ECF No. 3.  Petitioner's Section 2255 Motion remains pending.

Petitioner initiated this action on April 27, 2020.  In the operative FAP, Petitioner challenges his conviction and sentence and presents two grounds for relief:  (1) Petitioner is actually innocent of

---

accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

[2] The Court is not required to accept as true allegations in the Petition that are contradicted by matters properly subject to judicial notice.  *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).  Petitioner states in the FAP that his appeal was denied on February 28, 2020.  (FAP, at 2.)  There is an order from the Eleventh Circuit Court of Appeals that was filed in the criminal docket on February 28:  an order denying Petitioner's application in that court for leave to file a second or successive petition.  Order, *Awad*, No. 6:16-cr-00181-RBD-GJK-1 (M.D. Fla. Feb. 28, 2020), ECF No. 85.  The Court of Appeals denied the application as unnecessary, noting that Petitioner had a Section 2255 motion, his first, presently pending in the district court.  *Id.*, at 2.

[3] Petitioner used a court form designed for requests for leave to file a second or successive Section 2255 motion, but it appears that the sentencing court interpreted the application as a properly filed motion to vacate.  There is no other Section 2255 motion referenced in the criminal docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-00891-SVW-MAA                                      Date:  May 20, 2020

Title:    Skyler Christian Awad v. Warden Pliler

his Section 922(g) conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and (2) Petitioner is actually innocent of his Section 924(c) conviction in light of *Bailey v. United States*, 516 U.S. 137 (1995).  (FAP, at 2–3.)

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to [28 U.S.C. § 2241] or [28 U.S.C. § 2255] before proceeding to any other issue."  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Id.* at 864–65.  Section 2255 generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  There is one notable exception to this general rule:  pursuant to Section 2255(e), often referred to as the "escape hatch" or "savings clause," a petitioner may challenge the legality of his sentence in a Section 2241 petition in the custodial court if "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez*, 204 F.3d at 865 (quoting 28 U.S.C. § 2255(e)); *see also Lorentsen*, 223 F.3d at 953 (referring to Section 2255(e) as an "escape hatch").  A petitioner may utilize the savings clause if (1) the petitioner presents a claim of actual innocence, and (2) the petitioner has not had an unobstructed procedural shot at presenting that claim."  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

Here, the FAP challenges the legality of Petitioner's conviction and sentence, not the manner, location, or conditions of the execution of the sentence.  (*See* FAP, at 2.)  Accordingly, unless the savings clause applies, a petition for writ of habeas corpus pursuant to Section 2241 is not the proper vehicle for the claims Petitioner seeks to prosecute.

The allegations in the FAP do not meet the savings clause requirements.  *First*, although Petitioner casts both of his grounds for relief as claims of actual innocence, Petitioner does not provide facts or arguments in the FAP supporting a claim of actual innocence as necessary to meet the savings clause.[4]  To establish actual innocence, a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) (quoting *Bousley v. United States*, 523 U.S. 614, 623)).

---

[4] The original petition provided more context for Petitioner's claims.  (*See generally* ECF No. 1.)  But the original petition has been superseded completely by the FAP.  *See* C.D. Cal. L.R. 15-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-00891-SVW-MAA                                            Date:  May 20, 2020

Title:   Skyler Christian Awad v. Warden Pliler

An individual who "was convicted for conduct not prohibited by law" is actually innocent. *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).  Petitioner asserts that he is actually innocent of his Section 922(g) conviction because *Rehaif* invalidated the jury instructions on that offense, and that he is actually innocent of his Section 924(c) conviction because the jury was not instructed on the "use" element of the crime.  (FAP, at 3.)  Even assuming these arguments state valid claims for relief from the judgment on these counts, neither claim provides facts showing that Petitioner is actually innocent of the crimes for which he was convicted.  As to his Section 922(g) argument, even if Petitioner could show that the jury instructions presented an erroneous statement of the law in light of *Rehaif*, he does not show that he is actually innocent of the Section 922(g) conviction or that he was convicted for conduct not prohibited by that statute.  *See Alaimalo*, 645 F.3d at 1047.  *Rehaif* clarified that, in order to convict a defendant under 18 U.S.C. §§ 922(g) and 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.  Petitioner does not explain in the FAP how, in light of this clarification, he is actually innocent of the crime of felonious possession of a firearm.  Likewise, Petitioner's argument that the jury was not properly instructed on the "use" element of Section 924(c) (FAP, at 3) may present a cognizable claim for relief, but it does not show that he is actually innocent of the crime of carrying a firearm during and in relation to a crime of violence, or that he was convicted for conduct not prohibited by Section 924(c).  *See Alaimalo*, 645 F.3d at 1047.

     *Second*, even if Petitioner presented a valid claim of actual innocence, he has an unobstructed procedural shot to assert such a claim.  In considering whether the petitioner had an unobstructed procedural shot at presenting his claim, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Allen*, 950 F.3d at 1190 (citation and quotation marks omitted).  Petitioner identifies two Supreme Court decisions upon which he bases his claims: *Rehaif*, a 2019 decision, and *Bailey*, a 1995 decision.  (*See* FAP, at 3.)  Both legal bases arose before Petitioner exhausted his first Section 2255 motion, which he filed in 2020.  Indeed, Petitioner exercised his opportunity to raise a claim predicated on *Rehaif* in his Section 2255 Motion presently pending in the sentencing court.  *See, e.g.*, Appl., *Awad*, No. 6:20-cv-00241-RBD-GJK (M.D. Fla. Feb. 12, 2020), ECF No. 1, at 4 (arguing that two of his counts are no longer valid in light of *Rehaif*).  To the extent Petitioner's claims in this action differ from those presented in the Section 2255 Motion, he can join his claims in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-00891-SVW-MAA                                                          Date:  May 20, 2020

Title:      Skyler Christian Awad v. Warden Pliler

unobstructed Section 2255 Motion.[5]  Petitioner cannot show that he lacked an unobstructed procedural shot to raise the claims presented here.  *See, e.g.*, *Queen v. Shinn*, No. CV 17-1191-JFW (KK), 2017 U.S. Dist. LEXIS 36473, at *5–6 (C.D. Cal. Mar. 13, 2017) (dismissing petition because petitioner could not show he lacked an unobstructed procedural shot to present his claims given his pending Section 2255 motion in the sentencing court).

In sum, the FAP does not establish that the savings clause is applicable to this action.  Thus, unless Petitioner can demonstrate in a written response to this Order that his action may be brought pursuant to the savings clause, it appears that the FAP must be recharacterized as a Section 2255 motion.  Pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), and *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000), the Court hereby advises Petitioner of the following:

- Only the sentencing court has jurisdiction over a Section 2255 motion.  *See Hernandez*, 204 F.3d at 865.  The Court that sentenced Petitioner is the United States District Court for the Middle District of Florida.  Consequently, should this Court recharacterize the action as one brought pursuant to Section 2255, the Court must either dismiss the action for lack of jurisdiction or transfer the action pursuant to 28 U.S.C. § 1361.

- As a general rule, a petitioner must bring all arguments he intends to assert in his initial Section 2255 motion; if he does not, he risks having later arguments barred as successive.  *See Castro*, 540 U.S. at 383.  The Antiterrorism and Effective Death Penalty Act strictly limits the opportunity to file successive motions under Section 2255.  *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (second or successive motions may be certified and permitted only if based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").  The Court has identified Petitioner's currently pending Section 2255 Motion in the sentencing court.  If Petitioner's Section 2255 Motion is adjudicated in that court before this Court renders a decision on the recharacterization issue, then recharacterization may subject this action to the restrictions on "second or successive" motions.  Moreover, any Section 2255 motion filed after this action may be subject to these restrictions.  In short, recharacterization

---

[5] The Court does not opine on whether amendment of the Section 2255 Motion in the sentencing court is appropriate or permissible.  For this Court's savings-clause inquiry, the relevant question is whether a petitioner has the *opportunity* to present a claim, not whether a petitioner *actually* presents the claim.  *See Harrison v. Ollison*, 519 F.3d 952, 959–60 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-00891-SVW-MAA                                                                Date:  May 20, 2020

Title:   Skyler Christian Awad v. Warden Pliler

of the Petition as a Section 2255 motion may result in dismissal of this action or any subsequent Section 2255 motion as second or successive.  Moreover, in lieu of or prior to recharacterization, Petitioner may wish to withdraw or amend the Petition to contain all the Section 2255 claims he believes he has.

- Section 2255 motions are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  The Court does not opine as to the timeliness of this action or the Section 2255 Motion now pending in the sentencing court.  In any event, Petitioner's withdrawal of this action or endeavors to seek relief in the sentencing court in an untimely manner may result in dismissal of any subsequent or refiled action as time-barred.

In light of these advisements, Petitioner is **ORDERED TO SHOW CAUSE** why the Petition should not be recharacterized as a motion pursuant to Section 2255 and dismissed for lack of jurisdiction.  Petitioner shall file a written response to this Order no later than **July 20, 2020**.  Petitioner may elect from the following four options:

(1) Notice of Dismissal.  If Petitioner wishes to withdraw his Petition, he may dismiss this action without prejudice voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(1).  Petitioner may choose this option if he intends to pursue his claims in his pending Section 2255 Motion in the United States District Court for the Middle District of Florida.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) Amended Pleading.  If Petitioner consents to recharacterization of the case as a motion pursuant to Section 2255 and seeks to add additional claims for collateral relief, he may file a motion pursuant to Section 2255, which would replace the Petition as Petitioner's operative pleading.  He also may address any other issues raised herein pertaining to this recharacterization, including whether the action should be (a) dismissed for lack of jurisdiction, or (b) transferred to the United States District Court for the Middle District of Florida.

(3) Consent to Recharacterization.  If Petitioner consents to the recharacterization of the case as a motion pursuant to Section 2255 and seeks to proceed on the grounds for relief as asserted in the Petition, he may file a written notice of consent to recharacterization.  He also may address any other issues raised herein pertaining to this recharacterization, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-00891-SVW-MAA                                                        Date:  May 20, 2020

Title:     Skyler Christian Awad v. Warden Pliler

whether the action should be (a) dismissed for lack of jurisdiction, or (b) transferred to the United States District Court for the Middle District of Florida.

(4) <u>Response to Order to Show Cause</u>.  If Petitioner contends that his case is, in fact, a petition properly filed pursuant to Section 2241—either because it challenges the manner, location, or conditions of the execution of his sentence or because it is subject to the savings clause of Section 2255(e)—he should explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach copies of any documents that support his position.  (Petitioner's written response also may include a notice that, should the Court disagree with his position and recommend recharacterization, he selects one of the other three options in the alternative.)

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause by July 20, 2020 will result in a recommendation that the case be summarily dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for lack of jurisdiction pursuant to 28 U.S.C. § 2255.**

It is so ordered.

<u>Attachments</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))